Fnu **GUNAWAN; Rositawati Sutanto, Petitioners,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 04–74107.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 29, 2008.

Anthony S. Wilaras, Riverside, CA, for Petitioners.

CAC-District Counsel, Office of the District Counsel, Los Angeles, CA, Molly L. Debusschere, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Le-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Fevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Fnu Gunawan and his wife, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir.2004), and we grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination. For example, the IJ failed to point to inconsistencies in Gunawan's testimony or offer other specific, cogent reasons for his disbelief that Gunawan and Sutanto are ethnic Chinese. *See Garrovillas v. INS*, 156 F.3d 1010, 1016–17 (9th Cir.1998) (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.13(a) (applicant's testimony, if credible, may be sufficient to sustain the burden of proof without corroboration).

We vacate the IJ's alternative discretionary denial of asylum because the IJ failed to consider and weigh all of the relevant favorable and adverse factors, and because he gave undue negative weight to petitioners' use of false statements as a means to gain entry into the United States. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1140 (9th Cir.2004); *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1138 (9th Cir. 2004).

Therefore, we remand for the agency to consider whether, taking petitioners' testimony as true, they have shown eligibility for asylum, withholding of removal, and protection under CAT. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

